Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The issues in this action to recover damages for the death of plaintiff’s intestate alleged to have been caused by the negligent maintenance of a city street presented to the jury close and vigorously litigated questions of fact. In our opinion the charge improperly weighted the scales against plaintiff and deprived her of a fair trial. The lengthy recital as a part of the instructions of the various theories of the defendant as to the manner of the happening of the unwitnessed accident amounted to basing inference upon inference and speculating therefrom. While it is entirely proper to outline the contentions of the several parties we conclude that the charge in this respect went far beyond permissible limits. Most prejudicial, however, was the instruction to the jury that they could consider in weighing the testimony of a witness for plaintiff, who some years before had been Mayor of the city, whether is was “colored by bias against the present administration which beat him out”. There was no such proof in the record and neither from the cross-examination of the witness nor elsewhere in the record does it appear that the defendant claimed any bias. Indeed there is no proof that the witness was a candidate for re-election. This erroneous instruction related to a crucial phase of the case — proof that the defendant *962 for several years prior to the accident had received repeated notices of the defective condition of the street. All concur. (Appeal from a judgment of Oswego Trial Term for defendant city for no cause of action in a negligence action.)
Present — MeCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.